JONATHAN M. A. SALLS
Nevada Bar No. 12085
DICKINSON WRIGHT PLLC
8965 S. Eastern Avenue, Suite 280
Las Vegas, Nevada 89123
Telephone No.: (702) 382-4002
Fax No.: (702) 382-1661
jsalls@dickinsonwright.com

JOHN S. ARTZ
(will comply with LR IA 10-2)
DICKINSON WRIGHT PLLC
2600 West Big Beaver Road
Suite 300
Troy, Michigan 48084
Telephone No.: (248) 433-7200
Fax No.: (248) 433-7274
jsartz@dickinsonwright.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COLE KEPRO INTERNATIONAL, LLC, a Nevada limited-liability company,<br><br>      Plaintiff,<br>   v.<br><br>VSR INDUSTRIES, INC., a Nevada corporation,<br><br>      Defendant. | Case No.: 2:14-cv-01416<br><br>**COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff Cole Kepro International, LLC, through its attorneys, Dickinson Wright PLLC, states as follows for its cause of action against Defendants VSR Industries, Inc.:

### NATURE OF ACTION

1. This is a complaint for patent infringement of U.S. Patent No. 6,860,814 under 35 U.S.C. § 271.

**PARTIES**

**A.     The Plaintiff**

2.     Plaintiff Cole Kepro International, LLC ("Cole Kepro") is a Nevada limited-liability company having a principal place of business at 4170 Distribution Circle North Las Vegas, Nevada 89030.

3.     Cole Kepro's origins date back to 1986 and since that time it has become an industry leader and global supplier in fabricated products, including turnkey gaming cabinets.

4.     Cole Kepro has invested substantial sums of money designing and developing its gaming cabinet products and has been awarded many U.S. patents with many other U.S. patent applications pending that are directed toward these developments.

5.     Cole Kepro is the owner by assignment of United States Patent No. 6,860,814 ("the '814 Patent"), which issued on March 1, 2005, for an invention entitled "Gaming Apparatus Having Door Mounted Display."  (A copy of the '814 Patent is attached as **Exhibit A**.)

**B.     The Defendant**

6.     Defendant VSR Industries, Inc. ("VSR") is a Nevada corporation with its principal place of business at 6190 Mountain Vista Street, Henderson, Nevada 89014.

7.     VSR is engaged, directly or indirectly, in the manufacture, sale and offer for sale of gaming cabinets, including gaming cabinets with a display mounted on the door of the cabinet, which incorporate the subject matter of the '814 Patent.

8.     On May 28, 2014, Cole Kepro notified Colton L. Vollmann of VSR of the existence of the '814 Patent and Cole Kepro's concerns that VSR was infringing the '814 Patent through its manufacture, sale and offer for sale of gaming cabinets that infringe the '814 Patent. (See letter attached as **Exhibit B**.)

9.     VSR responded by way of letter dated June 20, 2014 and notably did not deny that its activities infringed the '814 Patent.  Instead, VSR sought to justify its continued infringing activities by questioning the validity of the '814 Patent on the same grounds rejected by the Patent Examiner when he allowed the '814 Patent.  (See letter attached as **Exhibit C**.)

**JURISDICTION AND VENUE**

10. This action arises under the patent laws of the United States, 35 U.S.C. §1 *et seq.*

11. This Court has subject matter jurisdiction over Cole Kepro's claims pursuant to 28 U.S.C. §1331 and §1338(a) because this is a civil action for patent infringement and arises under the patent laws of the United States.

12. VSR is subject to personal jurisdiction in this District by virtue of, *inter alia*, the fact that (i) it resides in this State of Nevada and conducts business activity within the State of Nevada (ii) has substantial and continuous contacts within the State of Nevada; and (iii) has committed acts of patent infringement in the State of Nevada.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and §1400(b).

**FIRST CAUSE OF ACTION**

**PATENT INFRINGEMENT**

14. Cole Kepro hereby incorporates paragraphs 1 through 13 of its Complaint as though set forth fully herein.

15. The '814 Patent was duly and legally issued by the United States Patent and Trademark Office.

16. The '814 Patent is valid and enforceable.

17. Cole Kepro owns the '814 Patent by assignment.

18. VSR has been and is currently infringing, actively inducing others to infringe, and/or contributing to the infringement of, the '814 Patent in violation of 35 U.S.C. §271, by making, using, selling, and/or offering for sale, or causing or inducing others to infringe the same in connection with at least its sale of gaming cabinets having a display mounted on the door of the cabinet, including as are being sold under the Ortiz brand.

19. Upon information and belief, VSR will continue to infringe the '814 Patent unless and until they are enjoined by this Court.

20. VSR has caused and will continue to cause Cole Kepro irreparable injury and damage as a result of its direct and/or indirect infringement of the '814 Patent.  Cole Kepro will

suffer further irreparable injury, for which there is no adequate remedy at law, unless and until VSR is enjoined from infringing the '814 Patent.

21. Cole Kepro is entitled to injunctive relief under 35 U.S.C. §283.

22. Cole Kepro is entitled to damages under 35 U.S.C. §284 by virtue of VSR's infringement of the '814 Patent.

23. This is an exceptional case warranting an award of attorney's fees to Cole Kepro under 35 U.S.C. §285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Cole Kepro, prays for the following relief:

1. An entry of judgment that Defendant, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with it be found to have infringed the '814 Patent directly and indirectly;

2. An order enjoining, preliminarily and permanently, Defendant, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with it, from making, using, selling, offering for sale, or importing into the United States products which infringe the '814 Patent;

3. An award of damages adequate to compensate Cole Kepro for Defendant's infringement of the '814 Patent;

4. A post-judgment equitable accounting of damages for the period of infringement of the '814 Patent following the period of damages established by Cole Kepro at trial;

5. If a permanent injunction is not granted, a judicial determination of the conditions of future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate;

6. A finding that this case is exceptional pursuant to 35 U.S.C. § 285;

7. An award of prejudgment interest, costs and disbursements, and attorney fees; and

8. Such other and further relief as the Court deems Cole Kepro may be entitled to in law and equity.

**DEMAND FOR JURY TRIAL**

Plaintiff, Cole Kepro International, LLC, demands a trial by jury as to all issues so triable.

Respectfully submitted this 29th day of August, 2014.

                                        DICKINSON WRIGHT PLLC

By  /s/ Jonathan M. A. Salls
     JONATHAN M. A. SALLS
     Nevada Bar No. 12085
     8965 South Eastern Avenue, Suite 280
     Las Vegas, Nevada 89123
     Telephone No.: (702) 382-4002
     Fax No.: (702) 382-1661
     jsalls@dickinsonwright.com

     JOHN S. ARTZ
     (will comply with LR IA 10-2)
     2600 West Big Beaver Road, Suite 300
     Troy, Michigan 48084
     Telephone No.: (248) 433-7200
     Fax No.: (248) 433-7274
     jsartz@dickinsonwright.com